IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MORGAN C. HUNTLEY,<br><br>  Plaintiff,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., *et al.*,<br><br>  Defendants. | C.A. No. 1:22-cv-01164-CFC-SRF |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPAINT**

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, plaintiff Morgan C. Huntley ("Plaintiff"), through his undersigned attorneys, moves this Court for leave to amend his Complaint to add additional plaintiffs, add an additional defendant, raise additional allegations, and plead additional claims against the Defendants.

**I.    RELEVANT FACTS**

1. Plaintiff filed his Complaint on September 2, 2022, alleging that Defendants orchestrated a Ponzi scheme through the sale of Bitcoin mining equipment and "hosting" services. (D.I. 1). Defendants VBIT Mining LLC and VBIT Technologies Corp. answered the Complaint on September 27, 2022. (D.I. 9). Defendants Danh Cong Vo and Katie Vo answered the Complaint on October 3, 2022. (D.I. 11). Defendant Sean Tu answered the Complaint on November 2, 2022. (D.I. 18). Defendant Jin Gao moved to dismiss the Complaint under Fed. R. Civ. P. 12(b) on November 30, 2022 (D.I. 22), but was later dismissed, without prejudice, under Fed. R. Civ. P. 41(a)(1)(A)(i) on

January 12, 2023.  (D.I. 31).  Plaintiff has not yet determined whether Defendants Lillian Zhou[1] and Advanced Mining Group exist, therefore service on those defendants is pending.

2. Plaintiff requests leave to file the amended complaint—clean and blacklined copies of which are attached hereto as **Exhibit "A"** and **"B"**, respectively—to add thirty-five additional plaintiffs, remove existing defendant Katie Vo from the lawsuit, add corporate affiliate VBIT DC Corp. to the lawsuit, raise additional allegations, and plead six additional claims against the Defendants.  The Court should grant this motion because it will not prejudice any of the Defendants, and is made in good faith.

## II.    LEGAL STANDARD

3. Leave to amend pleadings should be "freely given" in the interest of justice and absent undue delay and substantial prejudice.  Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Third Circuit has noted that courts should exercise "strong liberality" in allowing amendments under Rule 15(a).  *Heyl & Patterson Int'l v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981) (internal citations omitted).  *See also*, *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990) (noting courts within the Third Circuit have "held consistently that leave to amend should be granted freely.").  "In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party."  *St. Clair Intellectual Prop. Consultants v. Hewlett-Packard*, 2012 WL 1134318, *3 (D. Del. Mar. 28, 2012).

---

[1] Upon information and belief, the Complaint incorrectly names this defendant "Lillian Zhao," an error that is corrected in the proposed Amended Complaint attached to this motion.

### III. ARGUMENT

#### A. Plaintiff Has Not Unduly Delayed Bringing This Motion

4. Plaintiff seeks to amend the Complaint to add thirty-five additional plaintiffs, remove existing defendant Katie Vo from the lawsuit, add corporate affiliate VBIT DC Corp. to the lawsuit, raise additional allegations, and plead six additional claims against the Defendants. There was no undue delay in bringing this motion: for months, Plaintiff, through counsel, has actively engaged with dozens of victims of Defendants' conduct, performed robust due diligence, engaged in extensive factual research, among other things, the result of which are the additional plaintiffs, allegations, and claims incorporated into the proposed Amended Complaint. Immediately thereafter, Plaintiff (through counsel) consulted and engaged with counsel via telephone, after which counsel received the clean and blacklined copies of the proposed Amended Complaint attached to this motion as **Exhibits "A"** and **"B"**, respectively. In any event, "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Here, the February 21, 2023 scheduling conference was continued and a proposed scheduling order has not been entered. Thus, a deadline for Plaintiff to amend his Complaint has not yet been ordered. At this early stage, minimal—if any—burden will arise if the Court grants leave for Plaintiff to amend his Complaint.

#### B. Plaintiff Has Not Acted In Bad Faith

5. "[I]n assessing bad faith, courts look to the reasons why a party did not seek to amend earlier." *Mortgage Lenders Networks USA v. Wells Fargo Nat'l Assoc.*, 395 B.R. 871, 879 (Bankr. D. Del. 2008). Plaintiff did not "amend earlier" because he did not possess sufficient factual allegations and a formalized engagement with the proposed additional plaintiffs to file claims against the Defendants. In addition, Plaintiff and his counsel have at all times acted in good faith, *e.g.*, in

December 2022 Plaintiff's counsel informed counsel for Defendants of Plaintiff's intention to amend the Complaint.

### C. Plaintiff's Claims Are Not Futile

6. "Amendment of a complaint is futile if it fails to state a claim upon which relief can be granted." *Johnson v. GEICO Cas. Co.*, 673 F. Supp. 2d 244, 248 (D. Del. 2009). Here, all existing Defendants served with the original Complaint have filed answers. As Defendants have not attacked the legal sufficiency of Plaintiff's claims, it cannot be argued that such existing claims are futile. Further, the additional claims added to the proposed amended complaint are "plausible," as they square with Plaintiff's well-pleaded factual allegations. *See Foman*, 371 U.S. at 182.

### D. No Defendant Will Be Prejudiced By The Amended Complaint

7. The Third Circuit has held that "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Dole*, 921 F.2d at 488 (internal citations omitted). "A mere claim of prejudice is not sufficient; there must be some showing that [Defendants are] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [they] would have offered had the amendments been timely." *Id.* (internal quotations and citations omitted). Allowing Plaintiff to amend the Complaint at this early stage would ensure that all victims of Defendants' harmful conduct may seek redress with the Courts on the facts alleged. In addition, discovery in this action has not commenced, therefore, Defendants cannot plausibly contend that they would be "substantially prejudiced" by the amended complaint.

### IV. STATEMENT OF COMPLIANCE WITH D. DEL. LR 7.1.1

Pursuant to D. Del. LR 7.1.1, counsel for Plaintiff Morgan C. Huntley certifies that a reasonable effort has been made to reach agreement with Defendants on the matters set forth in this Motion, and that Defendants have not agreed to the relief sought in the Motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and authorize the filing of the Amended Complaint, attached hereto as **Exhibit "A"**. For the Court's convenience, a proposed order accompanies this motion.

Dated: March 6, 2023

        **KLEHR HARRISON HARVEY BRANZBURG LLP**

        */s/ Sally E. Veghte*
        Sally E. Veghte (Bar No. 4762)
        919 Market Street, Suite 1000
        Wilmington, DE 19801
        Telephone: (302) 552-5502
        Facsimile: (302) 426-9193
        sveghte@klehr.com

        - And -

        D. Joseph Ferris (admitted *pro hac vice*)
        1835 Market Street, Suite 1400
        Philadelphia, PA 19103
        Telephone: (215) 569-3022
        Facsimile: (215) 568-6603
        jferris@klehr.com

        *Attorneys for Plaintiff,*
        *Morgan C. Huntley*