## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MORGAN C. HUNTLEY,                                        )<br>                                                          )<br>          Plaintiff,                                      )<br>                                                          )<br>     v.                                                   )<br>                                                          )<br>VBIT TECHNOLOGIES CORP., VBIT MINING                      )<br>LLC, ADVANCED MINING GROUP, DANH                          )<br>CONG VO a/k/a DON VO, KATIE VO, SEAN                      )<br>TU, LILLIAN ZHAO, JOHN DOE INDIVIDUALS)<br>1-10, and ABC COMPANIES 1-10,                             )<br>                                                          )<br>          Defendants.                                     )<br>                                                          ) | Civil Action No. 22-1164-CFC-SRF |

### MEMORANDUM OPINION

Presently before the court in this civil action alleging violations of federal securities laws and Delaware law, is plaintiff Morgan C. Huntley's ("Plaintiff") unopposed motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). (D.I. 40)  For the following reasons, Plaintiff's motion to amend is GRANTED.[1]

## I.    BACKGROUND

Plaintiff filed this action against defendants VBit Technologies Corp., VBit Mining LLC, Advanced Mining Group, Danh Cong Vo a/k/a Don Vo, Katie Vo, Sean Tu, Jin Gao, Lillian Zhao, and various John Doe individual defendants and ABC companies ("Defendants") on September 2, 2022, alleging violations of various provisions of the Securities Exchange Act of 1934 (the "Securities Act") and asserting causes of action for common law fraud, breach of contract, and unjust enrichment under Delaware law. (D.I. 1)  Five named Defendants answered

---

[1] Filings associated with the pending motion are found at D.I. 42, D.I. 44, D.I. 45, D.I. 46, and D.I. 47.

the complaint. (D.I. 9; D.I. 11; D.I. 18)  Defendants Lillian Zhao and Advanced Mining Group

did not respond to the complaint.[2]  Defendant Jin Gao filed a motion to dismiss the complaint for

improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and Plaintiff subsequently

filed a notice of voluntary dismissal of Jin Gao, resulting in termination of the motion to dismiss.

(D.I. 22; D.I. 31)

    Plaintiff filed the pending motion for leave to amend on March 6, 2023, seeking to add

thirty-five plaintiffs, remove existing defendant Katie Vo from the lawsuit, and add corporate

affiliate VBit DC Corp. as a defendant. (D.I. 40, Ex. B)  The proposed amended complaint also

raises additional factual allegations and includes six additional causes of action against

Defendants.  (*Id.*)  The additional counts include causes of action for negligent

misrepresentation, civil conspiracy, violations of the Delaware Uniform Deceptive Trade

Practices Act and Consumer Fraud Act, violations of the Pennsylvania Unfair Trade Practices

and Consumer Protection Law, appointment of a receiver, and successor liability / de facto

merger or consolidation.  (*Id.*, Ex. B at ¶¶ 170-78, 191-219)  Plaintiff alleges that these factual

allegations were recently discovered as a result of further engagement by Plaintiff's counsel with

victims of Defendants' conduct and additional due diligence and factual research performed by

Plaintiff's counsel. (D.I. 40 at 3)

## II.    LEGAL STANDARD

    Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive

pleading has been filed, a party may amend its pleading "only with the opposing party's written

consent or the court's leave," and "[t]he court should freely give leave when justice so requires."

---

[2] In the pending motion, Plaintiff indicates he "has not yet determined whether Defendants
Lillian Zhou and Advanced Mining Group exist[.]"  (D.I. 40 at 2)

Fed. R. Civ. P. 15(a)(2).  The decision to grant or deny leave to amend lies within the discretion

of the court.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs.*

*Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The Third Circuit has adopted a liberal approach to

the amendment of pleadings.  *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990).  In the absence

of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment

should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party.  *See*

*Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

## III.   DISCUSSION

Plaintiff's motion to amend is granted.  There is no undue delay because Plaintiff sought

leave to amend only six months after the original complaint was filed, before a scheduling order

was entered.  (D.I. 1; D.I. 40)  Plaintiff explains that the proposed amendment could not be made

sooner because the additional factual allegations and causes of action are based on information

obtained from the proposed additional plaintiffs.  (D.I. 40 at 3)

Moreover, no Defendant has indicated that Plaintiff's proposed amended pleading would

be futile or would result in undue prejudice.  (D.I. 42; D.I. 45; D.I. 46; D.I. 47)  Defendants

answered the original complaint in lieu of moving to dismiss, and they raise no opposition to the

newly added counts in the proposed amended complaint.  (D.I. 9; D.I. 11; D.I. 18)

Consequently, there is no basis on the present record to deny Plaintiff's motion to amend under

Rule 15(a).  *See Tri-State Energy Sols., LLP v. KVAR Energy Savings, Inc.*, C.A. No. 08-209-SD,

2010 WL 11707411, at *2 (D. Del. Mar. 29, 2010) (granting unopposed motion to join additional

parties and add certain counts to the complaint).

The proposed amended complaint removes Katie Vo as a defendant.  (D.I. 40, Ex. B)  In

his reply letter, Plaintiff confirms that the omission of Katie Vo from the proposed amended

3

pleading was intentional.  (D.I. 44 at ¶ 6)  Having granted Plaintiff's motion to amend the complaint, I recommend that the court dismiss defendant Katie Vo from the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is GRANTED in the form attached as Exhibit A to the pending motion.[3]  (D.I. 40)  The proposed amended complaint attached to the motion to amend shall be docketed by the clerk as the amended pleading.  In accordance with the amended complaint and the parties' agreement, I recommend that the court dismiss defendant Katie Vo from the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  (D.I. 44; D.I. 40, Ex. A)  The remaining Defendants who have entered an appearance in this action shall have thirty (30) days to file a response to the amended complaint. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion.  Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to three (3) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: April 17, 2023

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

_____

[3] The proposed amended complaint attached as Exhibit A to D.I. 40 is electronically signed in accordance with D. Del. LR 15.1(a)