IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MORGAN C. HUNTLEY, DAI NGUYEN, TINA NGUYEN, ANDREW KIM, ALAN NGUYEN, MICHELLE NGUYEN, MARY DO, NIGEL RICHARDS, PETE O'HEERON, CHESTER J. KASON, LARA ERTWINE, DINA RIENG, JERRY CHAU, BRANDON CLARK, ALBAN HAXHIU, MARIO DIEZ, FRANCES MITRA, CHRISTOPHER SIMON, VINCE MORELLI, ANDREW COLLIER, COREY J. PEIFER, ANDREW GREEN, JAMIE COYLE, NICOLE CASHMAN, ROSE MCMANUS, SYLVIA DEANGELO CASHMAN, JANE RICHARDS, DRILON RADA, MICHELLE CONRON, LIAM LARKIN, BENJAMIN SCHNEIBLE, TIMOTHY EDSON, SPIRO THEOFILATOS, BOHDAN LANCINGER, JOSH WINKELMAN, and DAWN DELGADO,<br><br>  Plaintiffs,<br><br>v.<br><br>VBIT TECHNOLOGIES CORP., VBIT MINING LLC, VBIT DC CORP., ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, SEAN TU, LILLIAN ZHOU, JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10,<br><br>  Defendants. | Civil Action No. 22-1164-CFC-SRF |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **June, 2023**, the court having considered the motion of Brett M. McCartney, Elizabeth A. Powers, and Ronald P. Golden III (collectively, the "Movants") to withdraw as counsel (the "Motion") for defendants VBit Technologies Corp. and

VBit Mining, LLC (the "VBit Defendants") on behalf of themselves and Bayard P.A.[1] (D.I. 48),[2] IT IS ORDERED that the Motion is GRANTED for the following reasons.

1. **Background.** On March 31, 2023, the Movants filed the pending Motion along with proof of service of the Motion and associated filings by certified mail on March 16, 2023 on each of the VBit Defendants. (D.I. 51, Ex. A)

2. On April 6, 2023, the court entered an Order scheduling a hearing on the Motion on May 9, 2023 (D.I. 52), and the Movants certified that they served the Order setting the May 9 hearing on the VBit Defendants by certified mail on the same date. (D.I. 53)

3. On April 14, 2023, Plaintiffs filed their response to the Motion, citing concerns that the withdrawal of counsel for the VBit Defendants may further the allegedly fraudulent scheme at the heart of this matter by enabling individual defendants Don Vo and Sean Tu to insulate themselves from the VBit Defendants. (D.I. 54 at 6-7) Accordingly, Plaintiffs asked the court to deny the Motion without prejudice, unless and until Mr. Vo and Mr. Tu provide live testimony regarding their past and present relationship with the VBit Defendants, Lilian Zhou, and Advanced Mining Group. (*Id.* at 8)

4. The court held a hearing on the Motion on May 9, 2023. At the hearing, the Movants represented that they have been unable to establish contact with any client representative having sufficient knowledge, authority, or access to information necessary for the Movants to competently represent the VBit Defendants. (D.I. 49) Plaintiffs argued that the

---

[1] The parties' proposed stipulation also requests the withdrawal of lead counsel Milena Dolukhanyan of Gartenberg Gelfand Dolukhanyan LLP from the representation of the VBit Defendants. (D.I. 63) Because Ms. Dolukhanyan has not been admitted *pro hac vice* in this case, *see* D.I. 49 at 1 n.1, the court finds no basis for withdrawing an appearance that was never made.

[2] The briefing and filings associated with the pending motion are found at D.I. 49, D.I. 50, D.I. 51, D.I. 54, D.I. 58, D.I. 59, and D.I. 63.

2

motion to withdraw was premature, and withdrawal should not be granted unless and until the Movants seek to withdraw from their representation of individual defendants Danh Cong Vo and Sean Tu.

5. On May 11, 2023, the parties submitted a stipulated order indicating their agreement to the Movants' withdrawal from the case. (D.I. 63)

6. On May 12, 2023, the Movants filed a motion for leave to withdraw as counsel for individual defendant Danh Cong Vo. (D.I. 64)

7. **Legal standard.** In the Third Circuit, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Instead, "[a] lawyer is entitled to withdraw once [he] demonstrates to the satisfaction of the district court that [his] appearance serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted). A withdrawing firm serves no meaningful purpose where "efforts to communicate with [the client] through the Firm are futile." *Ohntrup*, 760 F.3d at 295. Accordingly, "it would be an abuse of discretion to deny [a] motion to withdraw" when the withdrawing firm serves no meaningful purpose. *Id.*

8. The law is well-established that a corporate defendant may appear in federal courts only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966). Nonetheless, there is no requirement that counsel must not withdraw until a corporate client has retained substitute counsel. *See Ohntrup*, 760 F.3d at 295. The failure of a corporate defendant to retain licensed counsel within the time frame ordered by the court may result in the entry of default in appearance and/or default judgment under Federal Rule of Civil

3

Procedure 55. *See Endobotics, LLC v. Medrobotics Corp.*, C.A. No. 19-381-CFC, 2020 WL 7042892, at *1-2 (D. Del. Dec. 1, 2020).

9. **Analysis.** The Movants have satisfied the standard for withdrawing as counsel for a corporate defendant by confirming that they unsuccessfully tried to contact the VBit Defendants on thirteen occasions between December 28, 2022 and February 21, 2023. (D.I. 50) The record supports the Movants' position that their continued representation of the VBit Defendants would serve no meaningful purpose. *Ohntrup*, 760 F.3d at 295.

10. Plaintiffs' concern that the motion to withdraw was premature is now moot. The Movants have since moved to withdraw as counsel for individual defendant Danh Cong Vo, and Plaintiffs have stipulated to the relief requested by the Movants. (D.I. 63; D.I. 64)

11. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   a. The Motion is GRANTED pursuant to D. Del. LR 83.7.

   b. The Movants and the law firm of Bayard P.A. are permitted to withdraw as counsel of record for the VBit Defendants and are relieved of any and all further obligations on behalf of the VBit Defendants.

   c. The VBit Defendants are granted **thirty (30) days** from the date of this Memorandum Order to retain new counsel, which shall enter its appearance within that time period.

   d. Failure of the VBit Defendants to retain new counsel in accordance with this Memorandum Order may result in the entry of default in appearance against the VBit Defendants.

e. Until the entry of appearance of the VBit Defendants' substitute counsel, all future pleadings, motions, discovery, and any and all other communications concerning this matter will be addressed to the VBit Defendants at:

| VBit Technologies, Corp.<br>1625 Washington Ave.<br>Philadelphia, PA 19146 | VBit Mining LLC<br>1625 Washington Ave.<br>Philadelphia, PA 19146 |
| --- | --- |
| VBit Technologies, Corp.<br>c/o LegalInc Corporate Services, Inc.<br>651 N. Broad Street, Suite 201<br>Middletown, DE 19709 | VBit Mining LLC<br>c/o LegalInc Corporate Services, Inc.<br>651 N. Broad Street, Suite 201<br>Middletown, DE 19709 |
| Lillian Zhou<br>l.zhou@vbittech.com | Lillian Zhou<br>l.zhou@vbittech.com |

12. IT IS FURTHER ORDERED that the Movants shall serve a copy of this Order upon the VBit Defendants by certified mail and electronic mail, with a read receipt, on or before **June 12, 2023**.

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

14. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge