IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MORGAN C. HUNTLEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-1164-CFC-SRF |
| ) | |
| VBIT TECHNOLOGIES CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Presently before the court is Plaintiffs' motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) against defendants VBit Technologies Corp., VBit Mining LLC, VBit DC Corp, Advanced Mining Group, Danh Cong Vo, and Lillian Zhou (collectively, the "Defaulting Defendants"). (D.I. 115) I recommend that the court DENY Plaintiffs' motion for entry of default judgment under Rule 55(b) without prejudice for the following reasons:

**1.** Plaintiffs initiated this civil action for violations of federal securities laws and Delaware law on September 2, 2022, and the operative amended complaint was filed on April 17, 2023. (D.I. 1; D.I. 57) Plaintiffs allege that they were defrauded out of millions of dollars in a massive Ponzi scheme after they entered into Bitcoin mining contracts with defendants VBit Technologies Corp., VBit Mining LLC, VBit DC Corp., Advanced Mining Group, Danh Cong Vo a/k/a Don Vo, Sean Tu, and Lillian Zhou (collectively, "Defendants"). (D.I. 57 at ¶¶ 1-12)

**2.** Between June 2 and July 5, 2023, counsel of record for Defendants who had entered an appearance withdrew from the representation. (D.I. 74; D.I. 94; D.I. 103) The court admonished that failure of corporate defendants VBit Technologies Corp. and VBit Mining

LLC[1] to retain substitute counsel may result in the entry of default against them. (D.I. 74) The court further cautioned that the failure of Danh Cong Vo to retain new counsel or submit a letter indicating his intention to proceed *pro se* may result in the entry of default against him. (D.I. 103 at 3) Defendant Sean Tu confirmed his intention to proceed *pro se*. (D.I. 94)

3. Substitute counsel has not entered an appearance or otherwise defended on behalf of the Defaulting Defendants, and entries of default in appearance under Federal Rule of Civil Procedure 55(a) were made on July 5 and August 9, 2023. (D.I. 104; D.I. 111)

4. Nonetheless, a court should not enter default judgment against defaulting defendants when claims based on identical allegations and theories of liability remain for trial against non-defaulting defendants. *See Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986). To rule otherwise would heighten the potential for inconsistent judgments as to liability, such that the Defaulting Defendants might "unjustly bear the burden of judgment." *Joe Hand Promotions, Inc. v. Tickle*, 2014 WL 1051821, at *5-7 (M.D. Pa. Mar. 17, 2014); *see also Stout St. Funding LLC v. Johnson*, 873 F. Supp. 2d 632, 649-50 (E.D. Pa. 2012).

5. Here, the amended complaint asserts seven causes of action against all defendants collectively, and defendant Sean Tu remains the only active participant in the litigation. (D.I. 57 at 31-40; D.I. 72) Consequently, I recommend that the court DENY the motion for entry of default judgment without prejudice to renew after all remaining claims have been resolved against the non-defaulting defendant, Sean Tu.

6. Plaintiffs shall serve a copy of this Report and Recommendation on the Defaulting Defendants and shall file proof of such service with the court once service is complete.

---

[1] No counsel has entered an appearance on behalf of VBit DC Corp., Advanced Mining Group, or Lillian Zhou during this litigation.


**7.** This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

**8.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: December 15, 2023

                                                Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE