IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MORGAN C. HUNTLEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-1164-JLH-SRF |
| ) | |
| VBIT TECHNOLOGIES CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Presently before the court in this civil action for securities and common law fraud, conversion, and related claims, is Plaintiffs' *renewed* motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). (D.I. 125)[1] On August 13, 2024, Plaintiffs Morgan C. Huntley, Dai Nguyen, Tina Nguyen, Alan Nguyen, Mary Do, Michelle Nguyen, Nigel Richards, Peter O'Heeron, Dina Rieng, Jerry Chau, Brandon Clark, Alban Haxhiu, Mario Diez, Frances Mitra, Christopher Simon, Vince Morelli, Corey J. Peifer, Andrew Green, Jamie Coyle, Michelle Conron, Benjamin A. Schneible, Bohdan Lancinger, Josh Winkelman, Dawn Delgado, Lara Ertwine, Andrew Collier, Drilon Rada, and Timothy Edson (collectively, the "Plaintiffs")[2] filed this motion against defaulted Defendants VBit Technologies Corp. ("VBit Tech"), VBit Mining LLC ("VBit Mining"), VBit DC Corp ("VBit DC"), Advanced Mining Group ("Advanced

---

[1] Briefs and exhibits related to Plaintiffs' renewed motion are found at D.I. 125 and D.I. 126.
[2] Plaintiffs Andrew Kim, Chester J. Kason, Jane Richards, Liam Larkin, Spiro Theofilatos, Nicole Cashman, Rose McManus, and Sylvia DeAngelo Cashman do not move for entry of default judgment at this time but reserved the right to do so at a later date. (D.I. 125 at 1)

Mining"), Danh Cong Vo a/k/a Don Vo ("Don Vo"), and Lillian Zhou ("Zhou") (collectively, the "defaulted Defendants").

For the following reasons, I recommend that the court **GRANT-IN-PART** Plaintiffs' *renewed* request for a default judgment pursuant to Rule 55(b).

## II.   BACKGROUND

Plaintiff filed this action against Defendants VBit Technologies Corp., VBit Mining LLC, Advanced Mining Group, Don Vo, Katie Vo, Sean Tu, Jin Gao, Lillian Zhao, and various John Doe individual defendants and ABC companies ("Defendants") on September 2, 2022, alleging violations of various provisions of the Securities Exchange Act of 1934 (the "Securities Act") and asserting causes of action for common law fraud, breach of contract, and unjust enrichment under Delaware law. (D.I. 1) Five named Defendants answered the complaint. (D.I. 9; D.I. 11; D.I. 18) Defendants Zhao and Advanced Mining Group did not respond to the complaint. Defendant Jin Gao filed a motion to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and Plaintiff subsequently filed a notice of voluntary dismissal of Jin Gao, resulting in termination of the motion to dismiss. (D.I. 22; D.I. 31) Plaintiffs were granted leave to amend the original pleading, (D.I. 55) and filed the First Amended Complaint ("FAC") on April 17, 2023, which amended the complaint to include VBit DC as an additional Defendant and 35 additional Plaintiffs. (D.I. 57)

According to the FAC, Defendants offered individualized, hardware-hosted mining services to "mine" Bitcoin for their customers. (D.I. 57 at ¶ 4) Plaintiffs entered into Payment and Hosting Agreement contracts (the "Mining Contracts") whereby Plaintiffs believed they were purchasing ownership in physical Bitcoin mining equipment which would pay out fractions of Bitcoin over time. (*Id.* at ¶ 3) As part of this business model, Defendants employed a multi-

2

level marketing technique to encourage Plaintiffs and other users to recruit friends and family to enter the Mining Contracts. (*Id.* at ¶ 3)

Plaintiffs allege that Defendants did not provide the individualized hardware as promised in the Mining Contracts, and instead engaged in "cloud mining." (*Id.* at ¶ 12) Plaintiffs allege the funds available in Plaintiffs' virtual wallets were not represented by actual Bitcoin mined and stored in an individual account but instead were fabricated amounts by Defendants. (*Id.* at ¶¶ 8–11) Plaintiffs further allege that Defendants utilized a Ponzi-scheme model where payouts to existing customers were funded by new members joining. (*Id.*) Plaintiffs allege that the sustainability of this scheme fell apart when the price of Bitcoin dropped dramatically throughout 2022, leaving Defendants unable to match withdrawals. (*Id.* at ¶¶ 16–17) By June of 2022, all withdrawals had been frozen, and Plaintiffs could not recover any Bitcoin from their accounts. (*Id.* at ¶ 9)

On April 17, 2023, the FAC was filed and the summons and FAC were served on Defendants. (D.I. 69, 70, 71) At about the same time, attorneys for VBit and Don Vo informed the court that they were no longer able to contact their clients and moved to withdraw as counsel. (D.I. 49; D.I. 65) The court granted these motions. The corporate defaulted Defendants have failed to retain counsel and cannot appear *pro se*. *U.S. v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (" 'It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.' ") (quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)). The individual defaulted Defendant, Don Vo, has failed to retain new counsel or appear *pro se*. (D.I. 74; D.I. 103)

On July 5, 2023, VBit Mining, VBit Tech, VBit DC, Advanced Mining, and Ms. Zhou failed to respond to the FAC and the Clerk of the Court entered defaults in appearance. (D.I.

3

104) On August 9, 2023, Mr. Vo failed to respond to the FAC and a default in appearance was entered by the Clerk of the Court. (D.I. 111) On December 19, 2023, Plaintiffs and Defendant Sean Tu filed a stipulation dismissing Tu from the action. (D.I. 118) In January 2024, Plaintiffs filed their first motion for default judgment. (D.I. 120) This court issued an Oral Report and Recommendation on May 21, 2024, denying the motion without prejudice to renew because the underlying Mining Contracts and supporting documentation were not provided to substantiate the damages requested. (D.I. 123)

On August 13, 2024, Plaintiffs renewed their motion for default judgment which included exhibits and affidavits substantiating their claims. (D.I. 125) Among those exhibits were copies of the underlying Mining Contracts and as well as evidence of payments made by some of the Plaintiffs to Defendants. (D.I. 126; D.I. 126-1–9)

## III. LEGAL STANDARD

Entry of default judgment is a two-step process. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the party seeking a default judgment must request that the Clerk of the Court enter a default against the party that has failed to answer the pleading or otherwise defend itself in the action. Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016). After a default in appearance has been entered, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of the Court. Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata Tech.*, 270 F.R.D. at 164.

Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Finally, "[i]n assessing a motion for default judgment, the court should take the necessary steps to establish damages with reasonable certainty." *Bd. of Trs., Plumbers & Pipefitters Loc. Union No. 74 Pension Fund v. Mep Nationwide, LLC*, No. 21-503-MN, 2022 WL 2951690, at *4 (D. Del. July 26, 2022), *report and recommendation adopted*, 2022 WL 3354702 (D. Del. Aug. 12, 2022); *see also Palmer v. Slaughter*, No. 99-899-GMS, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) ("The court ... is required to calculate the appropriate amount of damages. It cannot simply accept the plaintiff's representations on this subject as being true.").

## IV.  DISCUSSION

Plaintiffs' supporting documentation varies in its completeness for each individual Plaintiff seeking damages. Accordingly, the court recommends that Plaintiffs' request for default judgment be **GRANTED-IN-PART** as to the amounts shown in the chart at Section IV.B, *infra*, based upon the supporting documents identified in the chart.

### A. Liability

The Clerk of the Court entered defaults in appearance against Advanced Mining, VBIT Tech, VBIT Mining, VBIT DC, and Ms. Zhou for failure to answer the FAC. (D.I. 104) Subsequently, the Clerk of the Court entered a default in appearance against Mr. Vo on August 9, 2023, for failure to respond to the FAC. (D.I. 111); *see Tristrata Tech, Inc.*, 270 F.R.D. at 164 (explaining the first step in achieving a default judgment under Rule 55 is an entry of default by the Clerk of the Court).

For purposes of this motion, the court accepts as true the facts in the FAC alleging that the defaulted Defendants engaged in a large-scale Ponzi-scheme that deprived Plaintiffs out of millions of dollars. (*See* D.I. 57) Plaintiffs have made a *prima facie* case that defaulted Defendants committed fraud and breaches of their Mining Contracts with Plaintiffs.

Next, the factors articulated by the Third Circuit in *Chamberlain* weigh in favor of granting a default judgment against the defaulted Defendants. *See Chamberlain*, 210 F.3d at 164. The first factor is satisfied. The moving Plaintiffs have shown they will be prejudiced because the defaulted Defendants have been unresponsive to Plaintiffs' lawsuit. Counsel for the defaulted Defendants have been granted leave to withdraw as they have lost contact with Defendants. (*See* D.I. 48; D.I 64; D.I. 79; D.I. 100) Therefore, the denial of default judgment will prejudice Plaintiffs by precluding "any effective avenue for obtaining relief[.]" *Roy v. Sakhr Software Co. (K.S.C.C.)*, C.A. No. 11-863-LPS, 2015 WL 4608132, at *2 (D. Del. July 31, 2015). Accordingly, the first *Chamberlain* factor weighs in favor of default judgment.

The second *Chamberlain* factor is satisfied because the defaulted Defendants lack a litigable defense. *Chamberlain*, 210 F.3d at 164. The FAC alleges that the Plaintiffs were victims of a Ponzi scheme perpetuated by the Defendants. *See Tristrata*, 270 F.R.D. at 164.

6

The third *Chamberlain* factor weighs in favor of a default judgment because the defaulted Defendants have been on notice of this action since September 2022 and were given ample opportunity to appear. *Chamberlain*, 210 F.3d at 164. Their failure to defend the suit amounts to willful and culpable conduct. *See Krimm*, 2019 WL 2270437, at *5.

**B. Damages**

The court recommends that Plaintiffs' damages request be **GRANTED-IN-PART** awarding only those amounts that can be calculated and validated by the court. *Comdyne*, 908 F.2d at 1149 (awarding damages without an evidentiary hearing when the amount of damages "can by computation be made certain."); *see also Rhino Associates, L.P. v. Berg Mfg. and Sales Corp.*, 531 F. Supp. 2d 652 (M.D. Pa. 2007) (finding documentation in support of Plaintiffs' request for damages was sufficient and no hearing was required). Plaintiffs solely seek compensatory damages, i.e., damages reflecting their actual out-of-pocket losses resulting from the defaulted Defendants' conduct. Plaintiffs do not seek attorneys' fees and costs, treble or punitive damages, liquidated damages, or equitable relief at this time. (D.I. 126 at ¶ 27) Plaintiffs ask the court to award compensatory damages in the aggregate against defaulted Defendants in the sum of the amounts claimed by each Plaintiff, plus post-judgment interest. (D.I. 125 at 14–15) "The purpose of compensatory damages is to compensate a plaintiff for his proven, actual loss . . . . [and] compensatory damages are measured by the plaintiff's out-of-pocket actual loss." *Christ v. Cormick*, C.A. No. 06-275, C.A. 07-060-GMS, 2008 WL 4889127, at *2 (D. Del. Nov. 18, 2008).

On this *renewed* motion, Plaintiffs have provided the underlying Mining Contracts and some documentation supporting the requested damages. The Plaintiffs' request default judgment in the aggregate amount of $2,287,773.46, as well as post-judgment interest. (D.I. 126 at ¶ 25)

However, the court's calculations based upon its review of the exhibits reveals that certain Plaintiffs fall short in fully supporting their individual damages claims.[3]

The chart below illustrates the amounts requested by the Plaintiffs and the calculations of payments made as determined by the court based upon the supporting documentation provided.

| Plaintiff's Name | Amount Requested | Amount Validated | Docket Citations |
|---|---|---|---|
| Morgan C. Huntley | $189,790.82 | $189,790.82 | D.I. 126-1 at 34, 39 |
| Dai Nguyen | $89,995.59 | $89,995.59 | D.I. 126-1 at 68, 71, 73, 75, 77, 79, 80 |
| Tina Nguyen | $107,148.07 | $99,764.97 | D.I. 126-1 at 123, 128, 132, 134, 137, 139, 141, 144, 145 |
| Alan Nguyen | $105,184.48 | $99,229.70 | D.I. 126-2 at 39, 45, 52, 48, 49, 50 |
| Michelle Nguyen | $108,659.12 | $108,659.12 | D.I. 126-2 at 81, 84, 85 |
| Nigel Richards | $319,481.11 | $231,388.11 | D.I. 126-2 at 196, 225, 198, 201, 203, 205, 207–08, 209–10, 211–12, 213–14, 215–16, 218–19, 220, 222 |
| Peter O'Heeron | $50,000.00 | $41,660.75 | D.I. 126-3 at 3 |
| Dina Rieng | $71,208.89 | $71,208.89 | D.I. 126-3 at 51 |
| Jerry Chau | $25,485.58 | $25,485.58 | D.I. 126-4 at 22, 24, 27, 29 |
| Brandon Clark | $13,214.65 | $13,214.65 | D.I. 126-5 at 21, 24 |
| Alban Haxhiu | $132,753.00 | $118,209.00 | D.I. 126-5 at 57 |
| Mario Diez | $92,041.98 | $92,041.98 | D.I. 126-5 at 82, 83, 85 |
| Frances Mitra | $32,481.71 | $19,702.32 | D.I. 136-5 at 124, 128 |
| Christopher Simon | $69,155.00 | $65,870.32 | D.I. 126-5 at 150, 153, 156, 158, 160 |
| Vincent Morelli | $12,350.64 | $12,350.64 | D.I. 126-6 at 26, 29, 31, 33, 35, 37, 39, 41, 43 |
| Corey J. Peifer | $72,320.00 | $72,320.00 | D.I. 126-6 at 67 |
| Andrew Green | $52,388.00 | $52,388.00 | D.I. 126-6 at 88 |
| Jamie Coyle | $4,938.00 | $4,938.00 | D.I. 126-6 at 110 |
| Michelle Conron | $5,201.00 | $5,201.00 | D.I. 126-7 at 20 |
| Benjamin Schneible | $52,388.00 | $52,388.00 | D.I. 126-7 at 42 |
| Bohdan Lancinger | $46,516.00 | $46,516.00 | D.I. 126-7 at 62 |
| Josh Winkelman | $14,776.00 | $14,776.16 | D.I. 126-8 at 20, 22 |
| Dawn Delgado | $15,573.00 | $15,573.00 | D.I. 126-8 at 42 |

---

[3] Plaintiffs' damages have been calculated based upon the submitted exhibits. Some of the shortfall in Plaintiff's requested damages stem from the double counting of transactions or the addition of amounts that have no verifiable trace to Defendants.

| Lara Ertwine | $314,111.28 | $97,168.20 | D.I. 126-8 at 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125 |
|---|---|---|---|
| Andrew Collier | $16,661.00 | $16,611.99 | D.I. 126-8 at 148 |
| Drilon Rada | $167,561.65 | $153,215.65 | D.I. 126-9 at 56, 63, 69, 70, 74, 78, 89, 91 |
| Mary Do | $15,978.89 | $15,744.84 | D.I. 126-9 at 113, 116, 118, 120, 122, 124, 126, 128, 130, 132, 135, 137, 139, 140 |
| Timothy Edson | $90,460.00 | $61,615.72 | D.I. 126-9 at 173, 211, 237, 238 |
| **Total:** | **$2,287,823.46** | **$1,887,029.00** | |

In accordance with the amounts supported by documentation reflected in the foregoing chart, I recommend that the court **GRANT-IN-PART**, the damages claimed by the Plaintiffs. *See Kline v. United N. Mortg. Bankers Ltd.*, 2020 WL 12740397, at *2 (M.D. Pa. July 1, 2020) (concluding that a hearing under Rule 55(b)(2) was not necessary to determine the amount of damages due because the amount was "computable from proper documentary evidence," but nonetheless requiring the movant to submit additional evidence supporting its request for its asserted amount).

I further recommend granting Plaintiffs' request for post-judgment interest. Therefore, upon expiration of the 14-day period for objections to this Report and Recommendation, Plaintiffs shall submit a proposed amended form of order consistent with the amounts noted above and which also includes the statutory reference and applicable rate for determining post-judgment interest.

## V.   CONCLUSION

For the foregoing reasons, I recommend that the court **GRANT-IN-PART** Plaintiffs' motion for default pursuant to Federal Rule of Civil Procedure 55(b) in the following amounts:

| Plaintiff's Name | Amount Defaulted | Docket Citations |
|---|---|---|
| Morgan C. Huntley | $189,790.82 | D.I. 126-1 at 7, 39 |
| Dai Nguyen | $89,995.59 | D.I. 126-1 at 68, 71, 73, 75, 77, 79, 80 |

| | | |
|---|---|---|
| Tina Nguyen | $99,764.97 | D.I. 126-1 at 123, 128, 132, 134, 137, 139, 141, 144, 145 |
| Alan Nguyen | $99,229.70 | D.I. 126-2 at 39, 45, 52, 48, 49, 50 |
| Michelle Nguyen | $108,659.12 | D.I. 126-2 at 81, 84, 85 |
| Nigel Richards | $231,388.11 | D.I. 126-2 at 196, 225, 198, 201, 203, 205, 207–08, 209–10, 211–12, 213–14, 215–16, 218–19, 220, 222 |
| Peter O'Heeron | $41,660.75 | D.I. 126-3 at 3 |
| Dina Rieng | $71,208.89 | D.I. 126-3 at 51 |
| Jerry Chau | $25,485.58 | D.I. 126-4 at 22, 24, 27 |
| Brandon Clark | $13,214.65 | D.I. 126-5 at 21, 24 |
| Alban Haxhiu | $118,209.00 | D.I. 126-5 at 57 |
| Mario Diez | $92,041.98 | D.I. 126-5 at 82, 83, 85 |
| Frances Mitra | $19,702.32 | D.I. 136-5 at 124, 128 |
| Christopher Simon | $65,870.32 | D.I. 126-5 at 150, 153, 156, 158, 160 |
| Vincent Morelli | $12,350.64 | D.I. 126-6 at 26, 29, 31, 33, 35, 37, 39, 41, 43 |
| Corey J. Peifer | $72,320.00 | D.I. 126-6 at 68 |
| Andrew Green | $52,388.00 | D.I. 126-6 at 88 |
| Jamie Coyle | $4,938.00 | D.I. 126-6 at 110 |
| Michelle Conron | $5,201.00 | D.I. 126-7 at 20 |
| Benjamin Schneible | $52,388.00 | D.I. 126-7 at 42 |
| Bohdan Lancinger | $46,516.00 | D.I. 126-7 at 62 |
| Josh Winkelman | $14,776.16 | D.I. 126-8 at 20, 22 |
| Dawn Delgado | $15,573.00 | D.I. 126-8 at 42 |
| Lara Ertwine | $97,168.20 | D.I. 126-8 at 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125 |
| Andrew Collier | $16,611.99 | D.I. 126-8 at 148 |
| Drilon Rada | $153,215.65 | D.I. 126-9 at 56, 63, 69, 70, 74, 78, 89, 91 |
| Mary Do | $15,744.84 | D.I. 126-9 at 113, 116, 118, 120, 122, 124, 126, 128, 130, 132, 135 ,137, 139, 140 |
| Timothy Edson | $61,615.72 | D.I. 126-9 at 173, 211, 237, 238 |
| **Total Default Judgment:** | **$1,887,029.00** | |

Accordingly, I recommend that the court enter judgment in the amount of $1,887,029.00, plus post-judgment interest. Plaintiffs shall submit a proposed amended form of Order of Entry of Judgment by Default, consistent with the amounts recommended in the above chart, and shall also include reference to the post-judgment interest statute and the applicable statutory rate.

Plaintiffs shall serve a copy of this Report and Recommendation on the defaulted Defendants by mailing copies to: (1) the last known address for Defendant at its principal place

of business; (2) Defendant's registered agent; and (3) Defendant's last known home address. Plaintiffs shall file proof of such service with the court once service is complete.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 25, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE